# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
December 11, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MICHAEL DEHART,**
**Claimant Below, Petitioner**

**vs.)   No. 12-0377**  (BOR Appeal No. 2046393)
                  (Claim No. 2011005930)

**AMERICAN ELECTRIC POWER COMPANY, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Michael Dehart, by Edwin H. Pancake, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. American Electric Power Company, Inc., by Lisa Warner Hunter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 21, 2012, in which the Board affirmed an August 24, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's August 27, 2010, decision rejecting the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Dehart worked for American Electric Power Company as an equipment operator. On August 9, 2010, Mr. Dehart was walking up a flight of steps to a platform when he felt a pop in his left foot. He immediately felt pain and was unable to put any weight on the foot. Mr. Dehart was taken to the Jackson General Hospital emergency room. X-rays taken at the time showed a non-displaced fracture of the proximal shaft of the fifth metatarsal in his left foot. Mr. Dehart applied for workers' compensation benefits based on his injury. On August 27, 2010, the claims administrator rejected Mr. Dehart's application because the injury was not attributable to any definite, isolated, and fortuitous occurrence. The Office of Judges affirmed the claims

administrator's decision on August 24, 2011. The Board of Review affirmed the Order of the Office of Judges on February 21, 2012, leading Mr. Dehart to appeal.

The Office of Judges concluded that Mr. Dehart did not receive an injury in the course of and as a result of his employment because he was just walking. The Office of Judges concluded that he was not performing an act that was unique to his employment. The Office of Judges determined that there was no unusual hazard in Mr. Dehart's employment that Mr. Dehart would not have been exposed to at home or in a public place. The Office of Judges found, based on Mr. Dehart's deposition testimony, that he was not carrying any excessively heavy item and, even though he was wearing steel-toed boots, there was no indication that his boots caused the fracture. The Office of Judges found that Mr. Dehart had a long history of osteoporosis and osteopenia, dating as far back as 2002, which decreased his bone density and increased his risk for a fracture. The Office of Judges found that Mr. Dehart had suffered two separate rib fractures, once during chiropractic manipulation and once while leaning over a rail. The Office of Judges found that Mr. Dehart's osteoporosis and osteopenia were pre-existing conditions which were not work-related or aggravated by Mr. Dehart's employment. Based on these findings, the Office of Judges determined that the injury to Mr. Dehart's left foot was not the result of his employment. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Mr. Dehart has not shown that he received a personal injury in the course of and resulting from his employment. Although Mr. Dehart has demonstrated that he suffered a fracture in his left foot, he did not demonstrate that it was the result of his employment. Mr. Dehart has not pointed to any definite, isolated, and fortuitous occurrence that caused the fracture. He has not demonstrated that the injury occurred as a result of his employment.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: December 11, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum

2